UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XANTHI GIONIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA BUREAU FOR PRIVATE POSTSECONDARY EDUCATION, et al.,<br><br>　　　　　Defendants. | No. 2:13-cv-0912 MCE CKD PS<br><br><br>ORDER |

This action was referred to the undersigned pursuant to Local Rule 302(c)(21). ECF No. 108. By order filed March 4, 2014, all defendants except for defendants Lisa Robinson and Karin Tausan have been dismissed with prejudice.

Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

/////

If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Federal Rule of Civil Procedure 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Because several defendants have previously been dismissed with prejudice, only claims against defendants Lisa Robinson and Karin Tausan may be alleged. Further, plaintiff may not name any additional defendants or plaintiffs.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff has filed an interlocutory appeal of the court's order dismissing certain defendants and requests that the action be stayed pending appeal. Appeals of interlocutory orders do not transfer jurisdiction to the appellate court and thus do not strip the district court of jurisdiction to conduct further proceedings in the case. Ruby v. Secretary of Navy, 365 F.2d 385, 388-89 (9th Cir.1966). The court does not find a stay is warranted in the circumstances of this case.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 99) is granted;

2. Plaintiff's amended complaint is dismissed; and

3. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint may allege claims only against defendants Lisa Robinson and Karin Tausan; the second amended complaint may not join any

additional plaintiffs; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

    4.  Plaintiff's motion for stay pending appeal (ECF No. 101) is denied.

Dated: April 4, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 gionis.cuo